# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **RODERICK SINEGAL** | **CIVIL ACTION NO. 05-2146-LC** |
| VS. | SECTION P |
| TERRY TERRELL, ET AL | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is plaintiff Roderick Sinegal's *pro se* civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on December 12, 2005. Plaintiff, an inmate in the custody of the Louisiana Department of Corrections (LDOC), is confined at the Allen Correctional Center (ACC) in Kinder, Louisiana, and complains of events which occurred at that institution. Plaintiff names ACC Warden Terry Terrell, and ACC disciplinary board members Selton Manual, Captain Daniel Granger, and E. Carter as defendants herein.

The following matter was referred to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b) and a standing order of this Court.

## STATEMENT OF THE CASE

On June 28, 2005, plaintiff received a disciplinary report for allegedly testing positive for the contraband substance THC. This infraction was in violation of the disciplinary rules, and plaintiff was placed in administrative disciplinary segregation. A hearing before the disciplinary board was held on July 1, 2005, wherein plaintiff was found guilty of the violation and was sentenced to a loss of 24 weeks of incentive pay, a 90 day custody change to working cellblock, and was ordered to pay restitution for the cost of the field test. Plaintiff's appeal of the disciplinary board's finding argued

that there was not a second, corroborating drug test administered despite his request for same. Upon review of plaintiff's appeal, prison officials found that as the alcohol/drug test form did not indicate that a second and corroborative drug test was administered, the field drug test was improperly conducted and was invalid. Thereafter, plaintiff states that his disciplinary conviction and sentence were vacated on October 20, 2005.

Plaintiff alleges that as a result of the above referenced confinement, he suffered from reduced access to phone calls, the commissary, and recreation; denial of access to rehabilitation programs, and inadequate access to legal assistance and research materials. As such, plaintiff claims that he experienced mental and emotional distress, depression, and mental anguish and anxiety. He seeks to recover punitive, special, and compensatory damages.

## **LAW AND ANALYSIS**

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir. 1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B),

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

2

but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Based upon plaintiff's pleadings, the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

## **FAILURE TO STATE A CLAIM**

To state a claim for alleged constitutional violations resulting from a prison disciplinary proceeding, a civil rights plaintiff must allege facts which establish the deprivation of a liberty interest. In *Sandin v. Conner*, 115 S.Ct. 2293 (1995) the Supreme Court held that a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 2295.

Under the guidance provided by *Sandin,* the Fifth Circuit has held that, as a general rule, only sanctions which result in loss of good time credit or which otherwise directly and adversely affect release will implicate a constitutionally protected liberty interest. *Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995). Moreover, in commenting on *Sandin*, the Fifth Circuit noted that liberty interests which are protected by the Due Process Clause are generally limited to actions which affect the quantity of time rather than the quality of time served by a prisoner. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997)(citing *Sandin*, 515 U.S. at 478). In coming to this conclusion, the court noted that the Supreme Court articulated the principle "that the Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." *Madison*, 104 F.3d 767 (citing *Sandin,* 515 U.S. at 478)(citing *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451(1976)). Relying on *Sandin*, the Fifth Circuit has found that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir.1996) (quoting *Luken v. Scott*, 71 F.3d 192, 193 (1995)) (rejecting claim that confinement in administrative segregation violated prisoner's due process rights); *Crowder v. True*, 74 F.3d 812, 814-15 (7th Cir.1996) (federal prisoner's detention for three months in administrative segregation did not constitute a significant, atypical hardship which constituted a deprivation of a liberty interest); *Rodriguez v. Pratt*, 2001 WL 1042737, *3 (N.D.Tex.2001) (same but for fact that administrative segregation totaled seventy days). The Fifth Circuit has also rejected the notion that the additional restrictions imposed on those in administrative segregation violate due process rights. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir.1998) (*per curiam*). ("...absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for constitutional claim because it simply does not constitute a deprivation of a

4

constitutionally cognizable liberty interest." *Id.* at 580).

Plaintiff's placement in administrative segregation and his loss of certain privileges do not impose a significant, atypical hardship which constitutes a deprivation of a liberty interest. See *Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir.1997) (inmate's 70-day confinement in disciplinary segregation did not implicate liberty concerns within meaning of due process clause); see also *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995), *cert. denied*, 517 U.S. 1196 (1996) (interpreting *Sandin* as establishing that "administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest"). For these reasons, the plaintiff's complaints regarding the disciplinary proceedings and his placement in segregation do not implicate a constitutionally protected liberty interest and thus fail to state a claim upon which relief can be granted. *See Luken, supra.; Carson v. Johnson*, 112 F.3d 818 (5th Cir. 1997); *Pichardo v. Kinker*, 73 F.3d 612 (5th Cir. 1996).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C.1915(e)(2).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an**

aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 8th day of May, 2006.**

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE